UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAVORIS K. SIMMONS,
        Plaintiff,

vs.                                          Case No.: 3:23cv20567/LAC/ZCB

WARDEN KOLODZIEJ, et al.
        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. §
1983. (Docs. 1, 4).   Presently before the Court is Plaintiff's second
amended complaint.   (Doc. 13).   The Court is statutorily required to
screen Plaintiff's second amended complaint to determine whether it is
frivolous, malicious, fails to state a claim on which relief may be granted,
or seeks monetary relief from a defendant who is immune from such
relief.   *See* 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis*
actions); 28 U.S.C. § 1915A (governing civil actions in which a prisoner
seeks redress from a governmental entity or an officer or employee
thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that

1

Congress has mandated "early judicial screening of prisoner complaints"). Upon review of the second amended complaint, the undersigned recommends dismissal of several claims under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[1] The remainder of Plaintiff's claims are sufficient to survive screening and should be served on the named Defendants.

## I.    Background

In his second amended complaint, Plaintiff names as Defendants (1) Florida Department of Corrections (FDOC) Secretary Ricky Dixon; (2) Okaloosa Correctional Institution (OCI) Warden Kolodziej, (3) OCI Assistant Warden S.S. Dove, (4) OCI Capt. Settlemires, (5) OCI Sgt. R. Hornak, and (5) OCI Ofc. F. Faust. (Doc. 13 at 2-4). Plaintiff claims he

---

[1] The Court has previously provided Plaintiff opportunities to amend after explaining to him deficiencies in his prior pleadings. (Docs. 8, 11). Nonetheless, several claims in Plaintiff's amended complaint still fail to state a claim upon which relief could be granted. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

was denied access to the law library for a period of "approximately 3 weeks." (*Id.* at 6). Plaintiff alleges he filed several grievances, followed by a complaint with the FDOC Inspector General about the issue. (*Id.*). Two days later after the Inspector General complaint, Plaintiff alleges Defendant Dove called Plaintiff to classification "to address the complaint" and threatened Plaintiff with confinement. (*Id.* at 6-7).

Plaintiff then alleges that on the following day, Plaintiff was retaliated against via a search of both his dorm and cell, as well as "an order for [Plaintiff] to strip search." (*Id.* at 7-8). Plaintiff alleges that Defendant Hornack ordered Plaintiff to "bend over and spread [his] cheeks" or else Defendnat Hornack would do it for him. (*Id.* at 8). Plaintiff alleges this was an "an act of sexual assault or sexual harassment." (*Id.*). Plaintiff alleges that Defendant Faust "specifically addressed" Plaintiff and said the search was "a targeted cell search . . . for those of you who know what I am talking about, [so] stop doing what you are doing and if you don't stop, it's only going to get wors[e]." (*Id.*). Plaintiff alleges other inmates heard this threat, and it was "a custom

policy (sic) to get other inmates to bully, harass[,] and harm inmates to the point of death." (*Id.*).

Plaintiff alleges that "while all of this [wa]s going on," Defendant Settlemires—a supervisor—failed to correct any of the other Defendant's misconduct. (*Id.*). Plaintiff further alleges Defendant Settlemires watched while Defendant Hornak destroyed property in Plaintiff's cell, including legal material. (*Id.*). Plaintiff alleges the alleged destruction of his legal material, as well as the alleged denial of access to the law library, resulted in his § 2254 habeas case being dismissed due to alleged "missing portions of the record and falsified documents submitted by the [FDOC]." (*Id.*).

Plaintiff alleges that he has filed several grievances, but his issues have not been resolved. Thus, Plaintiff claims Defendant Kolodziej, the warden at OCI, is liable for his alleged failure to train and supervise his subordinates. (*Id.* at 9). Plaintiff further claims Defendant Kolodziej allows retaliation against inmates as a "custom and policy" since 2021, both at Plaintiff's institution and Century Correctional Institution. (*Id.*). Plaintiff alleges this retaliation disproportionally affects "Black

4

inmates"—he claims that "white inmates who write grievance[s] get their grievances approved with [a] remedy[,] while Black inmates get denied from the informal process all the way to the formal appeal." (*Id*.). Plaintiff states he is "a Black inmate and is being treated differently and retaliated against because [Plaintiff] is not white." (*Id*. at 9-10) ("[T]his is custom and policy (sic) to retaliate against Black inmates at [OCI] . . . I have names and witnesses, but I don't want the attacks to spread over to them. This is common knowledge at this prison . . . officers have beat inmates to death and cover it up and gotten (sic) away with it.").

As to Defendant Dixon, the FDOC Secretary, Plaintiff alleges he has failed to train his employees and has a "custom and policy across the panhandle" of being deliberately indifferent to acts of retaliation against inmates. (*Id*.). Plaintiff alleges Defendant Dixon is "on notice" of Plaintiff's complaints "due to a[] numerous amount of grievances [addressed] to Central Office in reference to countless acts of retaliation." (*Id*.).

In summary, Plaintiff alleges First Amendment retaliation claims against Defendants Dove, Faust, and Hornack; a Fourth Amendment

claim against Defendant Hornack; sexual harassment and assault claims against Defendant Hornack; Eighth and Fourteenth Amendment claims against Defendant Settlemires and Dove; Fourteenth, Fourth and Eighth Amendment claims against Defendant Kolodziej; and failure to train and/or supervise, and supervisory liability claims against Defendants Kolodziej and Dixon.  (*Id*. at 11-15).

In terms of relief, Plaintiff seeks a declaratory judgment, "a preliminary and permanent injunction" to prevent Defendants from violating his constitutional rights, and monetary damages from Defendants in their individual capacities.  (*Id*. at 16).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has

acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id*. at 681. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

## III.   Discussion

### A. Plaintiff has not plausibly alleged a claim against Defendant FDOC Secretary Dixon.

Plaintiff asserts failure to supervise and supervisory liability claims against Defendant FDOC Secretary Dixon.  Each will be discussed below.

### 1. Failure to supervise

A failure to supervise claim requires a § 1983 plaintiff to show that (1) the defendants failed to discipline their subordinates for the alleged deprivations; (2) that adequate discipline would have corrected the violations; and (3) that their failure to discipline amounts to deliberate indifference.  *See Walker v. Dixon*, No. 4:22cv10, 2022 WL 16701953, at *5 (N.D. Fla. Oct. 24, 2022), *adopted by*, 2022 WL 16701931; *see also Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).  The standard for supervisor liability is "extremely rigorous." *Pack v. Holzman*, No. 3:17-cv-778, 2018 WL 6919475, at *10 (M.D. Fla. Dec. 5, 2018) (cleaned up).

Here, Plaintiff merely concludes that Defendant Dixon did "not adequately investigate" Plaintiff's complaints without including

sufficient factual support to substantiate his conclusion. (*See* Doc. 13 at 14-15). He also makes conclusory allegations that Defendant Dixon has been "put on notice" by Plaintiff's grievances and those of other inmates. (*Id.* at 14). But such "unsupported and conclusory allegations of failure to supervise" are ultimately "insufficient to state a constitutional claim." *See Thomas v. Pichardo*, No. 08-22333, 2010 WL 3119623, at *18 (S.D. Fla. June 2, 2010); *see also Daniels v. Cloud*, No. 4:20-cv-00246, 2020 WL 8258382, at *2 (N.D. Fla. Dec. 1, 2020), *adopted by*, 2021 WL 230058, (holding the inmate failed to state a failure to supervise claim against the FDOC Secretary when the inmate did "not provide any factual allegations" against him); *Holliday v. Inch*, No. 3:19cv4945, 2021 WL 4993958, at *10 (N.D. Fla. Oct. 12, 2021) (dismissing claim against FDOC Secretary because the plaintiff's conclusory allegation of a "history of widespread abuse" in the prisons was "insufficient to state a viable claim"). Therefore, Plaintiff's amended complaint fails to plausibly allege a failure to supervise claim against Defendant Dixon.

## 2. Supervisory liability

"Supervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates." *Ingram v. Kublik*, 30 F.4th 1241, 1254 (11th Cir. 2022).  Plaintiffs must instead allege that the supervisor, through his own actions, violated the Constitution. *Ashcroft*, 556 U.S. at 676.  Because Plaintiff does not allege that Defendant Dixon was present or personally involved in the events giving rise to this lawsuit, Defendant Dixon can be liable under § 1983 "only if there is a causal connection between his actions and the alleged constitutional deprivation." *Ingram*, 30 F.4th at 1254.  Causation may be established "where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Id.*  "[T]o prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 957 (11th Cir. 2019).  And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. *Id.* at 957-58.

10

Here, Plaintiff's complaint does not sufficiently allege a policy or custom—nor facts that could be construed to sufficiently allege a policy or custom—on the part of Defendant Dixon that caused Plaintiff's alleged constitutional violation.[2]  Instead, Plaintiff's complaint merely alleges that Defendant Dixon "has been put on notice" of racial discrimination and retaliation "by grievances by the [P]laintiff and numerous other inmates" and has "ratified" such conduct by failing to correct it.  (*See* Doc. 13 at 15).   Such allegations are insufficient to plausibly allege a supervisory liability claim against Defendant Dixon.   *See Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (holding an allegation that the defendant was "on notice" because the defendant was aware of the inmate's administrative grievances" was insufficient to support supervisory liability); *Bell v. Jacobsen*, No. 3:22cv4701, 2022 WL 18108680, at *9 (N.D. Fla. June 16, 2022) (holding the inmate did not plausibly allege a supervisory liability claim against the FDOC Secretary

---

[2] Indeed, Plaintiff has actually alleged that Defendant Dixon had announced a policy "stating retaliation would not be tolerated" by FDOC employees.  (Doc. 13 at 9).

11

when the inmate only vaguely alleged the existence of a policy or custom, and did not include specific facts to support the allegation); *Holliday*, 2021 WL 4993958, at *10 (finding that the plaintiff failed to state a supervisory liability claim against the FDOC Secretary based on allegation that he had participated in the grievance process).

## B. Plaintiff has not plausibly alleged entitlement to injunctive relief.

It appears Plaintiff seeks a "preliminary and permanent injunction" ordering Defendants to "cease with their acts of deliberate indifference, supervisor liability, . . . and failure to supervise when it comes [to] acts of retaliation, racial discrimination, cruel and unusual punishment, dealing with sexual assault [and] harassment, . . . and unreasonable strip searches." (Doc. 13 at 16). Similarly, Plaintiff seeks an injunction against Defendants Kolodziej, Dove, Settlemires, Hornak, and Faust to "cease with their acts of retaliation, racial discrimination . . ." etc. (*Id.*).

In two previous orders, the Court informed Plaintiff that he had not plausibly alleged entitlement to injunctive relief. (*See* Doc. 8 at 6-7, Doc. 11 at 8-9). Plaintiff is reminded that a party seeking injunctive relief

"must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999). As a result, a plaintiff seeking injunctive relief must allege "a real and immediate—as opposed to a merely hypothetical or conjectural—threat of future injury." *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) (cleaned up). Additionally, the Prisoner Litigation Reform Act (PLRA) prevents the Court from issuing an injunction unless the relief requested "is narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff's allegations do not allege any real and immediate threat, nor irreparable injury, but instead merely recount a past event in which Plaintiff's dorm, cell, and person were subject to search by Defendant correctional officers. Thus, his request for an injunction lacks merit. *See Knop v. Gordy*, No. 5:16cv1356, 2017 WL 5078056, at *10 (N.D. Ala. July 20, 2017) (finding the prisoner-plaintiff lacked standing to seek a preliminary injunction because he had failed to present "specific

13

facts which demonstrate[d] he face[d] real, immediate, and irreparable injury").

Further, it appears Plaintiff is simply seeking an injunction ordering Defendants to follow the law by preventing them from violating Plaintiff's constitutional rights. And requests that do no more than simply seek for Defendants to "obey the law" is not appropriate injunctive relief. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). Thus, Plaintiff has not stated a plausible claim for injunctive relief.

## IV.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The failure to supervise and supervisory liability claims against Defendant FDOC Secretary Dixon, and the claims for injunctive relief against all Defendants, be **DISMISSED** for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

2.     This case be recommitted to the undersigned for further proceedings on the remaining claims against the remaining Defendants.

At Pensacola, Florida this 22nd day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.