UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAVORIS K. SIMMONS,
FDOC Inmate #J50358,
    Plaintiff,

vs.                                     Case No.: 3:23cv20567/LC/ZCB

WARDEN KOLODZIEJ, et al.
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. 4). Plaintiff's second amended complaint (Doc. 13) is the operative complaint. Presently before the Court are motions to dismiss filed by Defendants Assistant Warden Dove, Captain Settlemires, Sergeant Hornak, Officer F. Faust, and Warden Kolodziej. (Docs. 45-47, 62). Plaintiff has not responded to these motions, despite being ordered to do so. (Docs. 48, 64). For the reasons below, this case should be dismissed without prejudice as a malicious abuse of the judicial process under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

1

I. Background

The remaining Defendants[1] named in Plaintiff's second amended complaint are: (1) Okaloosa Correctional Institution (OCI) Warden Kolodziej, (2) OCI Assistant Warden S.S. Dove, (3) OCI Capt. Settlemires, (4) OCI Sgt. R. Hornak, and (5) OCI Ofc. F. Faust. (Doc. 13 at 2-4). Plaintiff names all Defendants in their individual and official capacities. (*Id.*).

Plaintiff claims he was denied access to the law library for a period of "approximately 3 weeks." (*Id.* at 6). Plaintiff alleges he filed several grievances, followed by a complaint with the FDOC Inspector General about the issue. (*Id.*). Two days after the Inspector General complaint, Plaintiff alleges Defendant Dove called Plaintiff to classification "to address the complaint" and threatened Plaintiff with confinement. (*Id.* at 6-7).

Plaintiff alleges that on the following day, Plaintiff was retaliated against via a search of both his dorm and cell, as well as "an order for

---

[1] The Court previously dismissed, at the screening stage, Plaintiff's claims against the FDOC Secretary Ricky Dixon and his request for injunctive relief. (Docs. 17, 20).

2

[Plaintiff] to strip search." (*Id.* at 7-8). Plaintiff alleges that Defendant Hornak ordered Plaintiff to "bend over and spread [his] cheeks" or else Defendant Hornak would do it for him. (*Id.* at 8). Plaintiff alleges this was an "an act of sexual assault or sexual harassment." (*Id.*). Plaintiff alleges that Defendant Faust "specifically addressed" Plaintiff and said the search was "a targeted cell search" and "for those of you who know what I am talking about, stop doing what you are doing and if you don't stop, it's only going to get wors[e]." (*Id.*). Plaintiff alleges other inmates heard this threat, and it was "a custom policy (sic) to get other inmates to bully, harass[,] and harm inmates to the point of death." (*Id.*).

Plaintiff alleges that "while all of this [wa]s going on," Defendant Settlemires—a supervisor—failed to correct any of the other Defendant's misconduct. (*Id.*). Plaintiff further alleges Defendant Settlemires watched while Defendant Hornak destroyed property in Plaintiff's cell, including legal material. (*Id.*). Plaintiff alleges the alleged destruction of his legal material, as well as the alleged denial of access to the law library, resulted in his § 2254 habeas case being dismissed due to alleged "missing portions of the record and falsified documents submitted by the [FDOC]." (*Id.*).

Plaintiff claims that he has filed several unsuccessful grievances. Thus, Plaintiff claims Defendant Kolodziej, the warden at OCI, is liable for his alleged failure to train and supervise his subordinates. (*Id.* at 9). Plaintiff further claims Defendant Kolodziej has allowed retaliation against inmates as a "custom and policy" since 2021. (*Id.*). Plaintiff alleges this retaliation disproportionally affects "Black inmates." (*Id.*). Plaintiff states he is "a Black inmate and is being treated differently and retaliated against because [Plaintiff] is not white." (*Id.* at 9-10).

In summary, Plaintiff alleges First Amendment retaliation claims against Defendants Dove, Faust, Settlemires, and Hornak; a Fourth Amendment claim against Defendant Hornak; sexual harassment and assault claims against Defendant Hornak; Eighth and Fourteenth Amendment claims against Defendant Settlemires and Dove; Fourteenth, Fourth, and Eighth Amendment claims against Defendant Kolodziej; and failure to train and/or supervise, and supervisory liability claims against Defendant Kolodziej. (*Id.* at 11-15). As relief, Plaintiff seeks a declaratory judgment and damages. (*Id.* at 16).

## II. Discussion

Defendants advance several arguments in support of their motions to dismiss. Importantly, however, this case can be decided solely on the basis of an argument advanced by Defendant Kolodziej.[2] Among other things, Defendant Kolodziej argues that Plaintiff's second amended complaint should be dismissed as malicious for Plaintiff's failure to accurately disclose his litigation history. Defendant Kolodziej cites six cases that Plaintiff failed to disclose in his second amended complaint.

Under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), a district court shall dismiss a prisoner's complaint if it is malicious. A complaint is "malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (citation omitted). And the Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the

---

[2] It bears mentioning that even if Plaintiff had accurately disclosed his litigation history, it appears most (if not all) of Plaintiff's claims would have been subject to dismissal for failure to state a claim. *See Iqbal*, 556 U.S. at 678-79.

complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal where prisoner failed to identify two prior lawsuits on the complaint form).[3] Dismissal is appropriate even if the prisoner blames a lack of memory or a misunderstanding for his failure to truthfully disclose. *See id.* at 624-25 (affirming dismissal for failure to disclose even though prisoner claimed that he lacked full memory about the omitted lawsuit); *see also Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

---

[3] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior cases he had filed in state and federal court. (Doc. 13 at 18-21). Question B of Section VIII asked Plaintiff if he had filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case. (*Id.* at 19). Plaintiff disclosed one state case in response to Question B.[4] (*Id.*). Question C of Section VIII asked Plaintiff if he had filed any other lawsuits, habeas corpus petitions, or appeals in state or federal court challenging his conviction or relating to the conditions of his confinement (*Id.*). Plaintiff disclosed one federal case in response to Question C.[5] (*Id.* at 20). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above . . . including my litigation history, is true and correct." (*Id.* at 21-22).

Plaintiff, therefore, certified that at the time he filed his second amended complaint on November 15, 2023 (*id.* at 22), he had not filed

---

[4] Plaintiff listed *Dixon v. Simmons*, DCA-1D22-1311, in response to Question B.
[5] Plaintiff listed *Dixon v. Simmons*, 3:21cv154/HES/MCR (M.D. Fla.), in response to Question C.

7

any non-listed lawsuit, habeas corpus petition, or appeal in state or federal court challenging his conviction or relating to the conditions of his confinement.[6] After considering Defendant Kolodziej's argument and upon researching Plaintiff's litigation history, the Court concludes that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to the Florida Appellate Case Information System (ACIS),[7] Plaintiff commenced the following undisclosed state proceedings prior to filing his second amended complaint in this case:

- *Simmons v. Rutherford*, Case No. SC13-1336 (Fla. 2013).
- *Simmons v. Florida*, Case No. 1D13-5626 (Fla. 1st Dist. Ct. App. 2013).
- *Simmons v. Florida*, Case No. 1D16-4609 (Fla. 1st Dist. Ct. App. 2016).

---

[6] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

[7] *See* Florida Appellate Case Information System, https://acis.flcourts.gov/portal/search; *see* Fed. R. Evid. 201 (allowing the Court to taking judicial notice of "a fact that is not subject to reasonable dispute because it . . . (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

- *Simmons v. Florida*, Case No. 1D18-2075 (Fla. 1st Dist. Ct. App. 2018).

- *Simmons v. Florida*, Case No. 1D18-4441 (Fla. 1st Dist. Ct. App. 2018).

- *Simmons v. Florida*, Case No. 1D20-2042 (Fla. 1st Dist. Ct. App. 2020).

How does the Court know that this Tavoris Simmons and the Tavoris Simmons that commenced the above cases are the same? In his initial briefings, the appellant in the cases above referenced being convicted of attempted second degree murder and discharge of a firearm from a vehicle for conduct that occurred on April 4, 2012. The appellant also referenced being sentenced in 2013 to thirty years for the attempted murder charge and fifteen years on the firearm charge. Also, the appellant in the cases above listed FDOC Inmate #J50358 on his initial pleadings. Plaintiff lists the same inmate number on his second amended complaint in this case. (Doc. 13 at 1). A review of the FDOC Inmate Population Information Detail database reveals that Tavoris Simmons, FDOC Inmate #J50358, was convicted of attempted second degree

murder (thirty-year sentence) and discharge of a firearm from a vehicle (fifteen-year sentence) for conduct that occurred on April 4, 2012.[8]

In these undisclosed state cases, Plaintiff challenged his convictions on various grounds including ineffective assistance of counsel, erroneous jury instructions on self-defense, lack of an evidentiary hearing, and other bases. These cases were clearly matters "challenging [Plaintiff's] conviction[s]" that Plaintiff filed before filing his second amended complaint. As such, Plaintiff was required to identify them in Section VIII, Question C, on the complaint form in this case. Yet he did not.

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the

---

[8] *See* Inmate Population Information Detail, Florida Department of Corrections, https://pubapps.fdc.myflorida.com/OffenderSearch/detail.aspx?Page=Detail&DCNumber=J50358&TypeSearch=AI.

Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

The Court ordered Plaintiff to respond to the arguments raised in Defendant Kolodziej's motion to dismiss. (Doc. 64). Plaintiff, however, failed to respond to Defendant Kolodziej's motion to dismiss despite being given an opportunity to do so. Even if Plaintiff had responded claiming a lack of memory or a misunderstanding, these claims would not be sufficient to excuse Plaintiff's failure to accurately disclose his litigation history. *See Schmidt v. Navarro*, 576 F. App'x 897, 899-900 (11th Cir. 2014) (affirming dismissal for failure to disclose even though prisoner wrote "not to my memory" when answering questions regarding litigation history); *see also Burrell*, 857 F. App'x at 624-25 (affirming dismissal for failure to accurately disclose litigation history even though prisoner claimed that he lacked full memory about the omitted lawsuit); *see also Redmon*, 414 F. App'x at 226 (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

When prisoners misrepresent their litigation on the complaint form, there must be consequences. As another judge of this Court has explained, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons." *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, 2020 WL 3050231, at *1 (N.D. Fla. June 7, 2020).[9]

For the reasons above, Plaintiff has abused the judicial process by failing to accurately disclose his litigation history. Dismissal for maliciousness is, therefore, warranted under 28 U.S.C. § 1915(e)(2)(B)(i)

---

[9] Permitting Plaintiff to disclose the lawsuits only *after* he was called out for his failure to disclose them would be the equivalent of overlooking his untruthfulness. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal and denial of an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (affirming dismissal where the plaintiff attempted to provide a full list of his prior cases after a magistrate judge recommended dismissal, and explaining that the district court was "correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

and 28 U.S.C. § 1915A(b)(1). Lesser sanctions would be insufficient. *See, e.g.*, *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (affirming dismissal where *pro se* plaintiff failed to disclose prior state cases that challenged the conditions of his confinement); *see also Thompson v. Quinn*, No. 3:10cv74/MCR/CJK, 2011 WL 5873064 (N.D. Fla. Oct. 20, 2011) *adopted by*, 2011 WL 5873069 (dismissing prisoner's complaint for failing to disclose prior state cases).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The motion to dismiss (Doc. 62) be **GRANTED**, and this case be **DISMISSED without prejudice as to all Defendants** as a malicious abuse of the judicial process under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

2. All other pending motions be **DENIED as moot.**

3. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 21st day of October 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.